IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMAINE BLACKWELL, #317448     \*

       v.     \*     CIVIL ACTION NO. RDB-14-1538

FRANK B. BISHOP, *et al*.     \*
                                               \*\*\*\*\*

## MEMORANDUM OPINION

     Petitioner Jermaine Blackwell ("Blackwell"), a state inmate incarcerated at the North Branch Correctional Institution, filed the instant self-represented Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his 2003 convictions in the Circuit Court for Baltimore City. Respondents have filed a court-ordered Limited Response addressing the timeliness of the Petition. ECF No. 5.  Blackwell, who was granted additional time to file a Reply, has not done so.[1]  Upon review of the pleadings and exhibits, the Court finds no need for an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  For reasons that follow, the Court concludes that the Petition is time-barred, and it will be denied and dismissed by separate Order.

### I. Procedural History

     In November of 2003, Blackwell was tried and convicted by a jury in the Circuit Court for Baltimore City of first-degree felony murder, second-degree murder, three counts of illegal use of a handgun in the commission of a crime of violence, three counts of burglary, armed robbery, robbery, two counts of first-degree assault, three counts of second-degree assault, wo counts of  conspiracy,

---

[1]     By Order dated July 30, 2013, the Court granted Blackwell an additional twenty-eight (28) days to explain why his § 2254 petition should not be dismissed as time-barred.  *See* ECF No. 8.

and theft of property valued at less than $500.00. On December 13, 2003, he was sentenced to serve a life, plus 135 year term in the Maryland Division of Correction. ECF No. 5 at Exs. 1-3; Ex. 4 at p. 2, n.1. The judgment was affirmed by the Court of Special Appeals of Maryland on October 13, 2005, and Blackwell's application for writ of certiorari was denied by the Court of Appeals of Maryland on January 12, 2006. *Id*. at Ex. 4. Wallace did not seek review in the U.S. Supreme Court and his convictions became final for purposes of direct review on April 12, 2006, when the ninety-day time period for seeking Supreme Court review expired.

According to the record, on February 27, 2007, Blackwell filed a post-conviction petition, which was withdrawn at his request on July 20, 2007. *Id*. at Exs. 1-3. On July 9, 2012, Blackwell filed another post-conviction petition. *Id*. The Circuit Court denied relief on October 23, 2013. *Id*. Blackwell's application for leave to appeal was summarily denied by the Court of Special Appeals of Maryland on April 24, 2014. *Id*. at Ex. 5.

## II. Statute of Limitations

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases. *See* 28 U.S.C. § 2244(d).[2] This one-year

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

period is tolled while properly filed post-conviction proceedings are pending.

### III. Analysis

Affording the Petition the most generous of filing dates, it is deemed as filed by Blackwell on May 5, 2014, the date on which it was signed and presumably deposited with prison authorities.[3] *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

Blackwell's one-year limitations period under 28 U.S.C. § 2244(d) began to run on April 13, 2006. The one-year period was tolled on February 27, 2007, when he filed his first post-conviction petition in the Circuit Court for Baltimore City. At that juncture, over ten months of the one-year period had passed. The one-year limitation period did not recommence until July 21, 2007, the day after his request to voluntarily withdraw the post-conviction petition was granted. As Blackwell did not refile a post-conviction petition until July 9, 2012, the remaining portion of the one year

---

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] In an ideal world, the Petition's envelope would be stamped by North Branch Correctional Institution personnel as "received by prison mailroom" on a certain date. The Maryland Division of Correction does not provide such a franked designation. The Petition was received by the Clerk on May 9,

period was allowed to run unchecked for approximately five years. Consequently, this habeas Petition was filed outside the statutory limitations period and is time-barred.

Blackwell claims that the statute of limitations period was statutorily tolled under 28 U.S.C. § 2244(d) due to the pendency of his March 16, 2004 motion for modification/reduction of sentence, which was denied on July 26, 2012. ECF No. 1, p. 3.  Respondents, however, correctly observe that Blackwell's modification of sentence motion, filed pursuant to Maryland Rule 4-345, did not operate to toll the limitations period of § 2244(d).  *See Roberts v. Maryland,* Civ. No. JKB–11–1227, 2013 WL 5882786, at *2–4 (D. Md. Oct. 28, 2013);  *Tasker v. State,* Civ. No. AW–11–1869, 2013 WL 425040, at *7 (D. Md. Jan. 31, 2013) *aff'd,* 517 F. Appx.  172 (4th Cir. 2013), reh'g denied June 3, 2013 (finding *Tasker* waived Fourth Circuit review of issue by failing to include it in appellate brief).

The one-year time period may be equitably tolled in limited circumstances. *See  Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi,* 131 S.Ct. 1278, 1283 (2011). In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003); *Harris,* 209 F.3d at 328. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*  Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

---

2014. It bears a signature date of December 5, 2014, and shall be reviewed as filed on that date.

timely filing." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2555 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).  In this case, however, Blackwell has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling.  Accordingly, the Petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Blackwell does not satisfy this standard, and the Court declines to issue a certificate of appealability.

Date: September 4 , 2014           _____/s/_____
                                                   RICHARD D. BENNETT
                                                UNITED STATES DISTRICT JUDGE